In re Petition for DISCIPLINARY AC-
TION AGAINST Kristi Dannette
McNEILLY, a Minnesota Attorney,
Registration No. 341265.

No. A14–1553.

Supreme Court of Minnesota.

Feb. 18, 2015.

ORDER

The Director of the Office of Lawyers
Professional Responsibility filed a petition
for disciplinary action alleging that respon-
dent Kristi Dannette McNeilly committed
professional misconduct, namely, engaging
in a conflict of interest; after terminating
representation, failing to communicate im-
portant dates to a client, failing to prompt-
ly return client files, and making misrepre-
sentations to a District Ethics Committee
investigator; bringing a lawsuit based, in
part, on an ethics complaint filed with the
Director; and engaging in a pattern of
misconduct in mortgage modification mat-
ters by failing to act diligently, failing to
adequately communicate with clients, fail-
ing to promptly return client files, at-
tempting to charge for copying client files
without the appropriate written agree-
ment, and making misrepresentations, in
violation of Minn. R. Prof. Conduct 1.3, 1.4,
1.7(a)(2), 1.16(d) and (f), 3.1, 8.1(a), and
8.4(c) and (d), and Rule 21, Rules on Law-
yers Professional Responsibility (RLPR).

Respondent waives her procedural
rights under Rule 14, RLPR, withdraws
the answer she previously filed, and uncon-
ditionally admits the allegations in the pe-
tition for disciplinary action. The parties
jointly recommend that the appropriate
discipline is a public reprimand and 3
years of supervised probation. In their
stipulation for discipline, the parties indi-
cate that respondent raised as mitigation
to the Director her mental health issues
and the great personal stress in her life at
the time of her misconduct.

The court has independently reviewed
the files and approves the recommended
disposition.

Based upon all the files, records, and
proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Kristi Dannette McNeil-
ly is publicly reprimanded.

2. Respondent shall be subject to su-
pervised probation for a period of 3 years,
beginning on the date of the filing of this
order, with the following terms and condi-
tions:

a. Respondent shall cooperate fully
with the Director's Office in its efforts to
monitor compliance with this probation.
Respondent shall provide the Director
with a current mailing address and shall
immediately notify the Director of any
change of address. Respondent shall
promptly respond to the Director's cor-
respondence by the due date. Respon-
dent shall cooperate with the Director's
investigation of any allegations of unpro-
fessional conduct that may come to the
Director's attention. Upon the Di-
rector's request, respondent shall au-
thorize the release of information and
documentation to verify compliance with
the terms of this probation.

b. Respondent shall be supervised by a
licensed Minnesota attorney appointed
by the Director to monitor compliance
with the terms of this probation. Re-
spondent shall provide the Director with
the names of four attorneys who have
agreed to be nominated as respondent's
supervisor within 2 weeks of the date of
the filing of this order. If, after diligent
effort, respondent is unable to locate a
supervisor acceptable to the Director,
the Director will seek to appoint a su-
pervisor. Until a supervisor has signed

a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of active client files, as described in paragraph c below. Respondent shall make active client files available to the Director upon request.

c. Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

d. Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons with an interest in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Respondent shall abide by the Minnesota Rules of Professional Conduct.

f. Respondent shall undergo a complete psychological evaluation by a licensed psychiatrist, licensed psychologist, or other mental health professional acceptable to the Director and shall comply with all resulting recommendations.

g. Respondent shall initiate or continue treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist.

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice